UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MAXITRANSFERS LLC,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**HELP CENTER CORP AND PAMELA ACYPRESTE DE SOUZA,**<br><br>　　　　　　**Defendants.** | Case No. _____ |

## COMPLAINT

Maxitransfers LLC hereby sues Help Center Corp and Pamella Acypreste de Souza and alleges as follows:

## PARTIES

1. Plaintiff Maxitransfers LLC is a Delaware limited liability company with its principal place of business located at 222 Las Colinas Blvd., Suite 2000 N, Irving, TX 75039-5440. Maxitransfers transmits cash and negotiable instruments to third-parties pursuant to specific instructions and delegates third-party companies to act as fiduciaries to facilitate interactions with customers throughout this process.

2. Defendant Help Center Corp is a Connecticut for profit corporation. It maintains a principal place of business at 1893 Park St., Hartford, Connecticut 06106, and its registered agent is Sulamita Avina Pereira, 41 Winship St, 2N, Hartford, Connecticut 06114. Sulamita Avina Pereira and defendant Pamella Acypreste de Souza are the two principal owners. Help Center provides various services, including money transmittal services, to customers at its principal place of business in Connecticut.

3. Defendant Pamella Acypreste de Souza is a citizen of Connecticut.

4. Ms. Acypreste de Souza owns and operates Help Center, providing services, including money transmittal services, to Connecticut customers.

**JURISDICTION AND VENUE**

5. Personal jurisdiction is proper in this court as defendants maintain a principal places of business and transact business or reside in this state and district.

6. Subject matter jurisdiction is proper in this court as the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Specifically, Maxitransfers is a Delaware limited liability company. Its sole member is a California trust, 2020 Maxitransfers Trust. The 2020 Maxitransfers Trust trustee is Joseph Niehaus, a California resident. The 2020 Maxitransfers Trust is a traditional common law trust creating mere fiduciary relationships between the trustee and beneficiaries. *See generally Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729–30 (2d Cir. 2017) (discussing elements to consider trustee citizenship for diversity purposes (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464–65 (1980)); *Wells Fargo Bank, N.A., Tr. v. Konover*, No. 3:05 CV 1924 (CFD), 2009 WL 2710229, at *3 (D. Conn. Aug. 21, 2009), *aff'd*, 630 F. App'x 46 (2d Cir. 2015) (explaining "a trustee's citizenship is controlling for diversity purposes as long as the trustee possesses the customary powers to hold, manage, and dispose of assets" and "is therefore the real and substantial party to the controversy" (quoting *Navarro*, 446 U.S. at 464)). Mr. Niehaus exercises customary powers to hold, manage, and dispose of trust assets for the benefit of others and maintains real and substantial control over trust assets. For example, he may: (**1**) distribute or retain principal and income of the trust within his discretion; (**2**) accept title to and take whatever actions he deems reasonably necessary to vote shares of Maxitransfers LLC; (**3**) dissolve the trust in his sole and absolute discretion if he determines it uneconomical; (**4**) loan or borrow money for

the trust upon such terms and conditions he deems appropriate in his discretion; (**5**) encumber trust property by security agreement in his discretion, even if such encumbrance continues after the trust term; and (**6**) litigate, answer, compromise, arbitrate, or abandon any litigation or pre-litigation claim on behalf of the trust in his sole discretion.  Mr. Niehaus' citizenship controls 2020 Maxitransfers Trust's citizenship and, by extension, Maxitransfers LLC's citizenship.

8. Mr. Niehaus is a California resident and has been since 2016.  Mr. Niehaus works in California and performs his obligations as trustee from California.  Mr. Niehaus does not intend to leave California.  He is a California citizen as an individual domiciled there with the intent to remain or to which he intends to return.  As Mr. Niehaus is a California citizen, the 2020 Maxitransfers Trust and Maxitransfers LLC are California citizens as well.

9. Help Center is a for profit Connecticut corporation.  It was incorporated in Connecticut and maintains a principal place of business in Hartford, Connecticut.  It is a Connecticut citizen for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

10. Ms. Acypreste de Souza is a Connecticut resident and has been since at least 2024. She owns and operates the defendant business in Connecticut.  Ms. Acypreste de Souza is a Connecticut citizen for diversity purposes as an individual domiciled there with the intent to remain or with the intent to return.

11. Venue is proper in this court as the defendants maintain principal places of business, transacted business, and engaged in the conduct complained of in this district.

## FACTUAL BACKGROUND

**I.     Failure to Remit Transferred Funds.**

12. Plaintiff Maxitransfers and defendants Help Center entered a money transmission agreement (**MTA**) on June 16, 2025.  A true and correct copy of MTA is attached as **EXHIBIT 1**.

13. As part of the MTA, Maxitransfers appointed Help Center, and Help Center accepted appointment, as a trustee and fiduciary for money transmissions by Maxitransfers. *See id.* ¶¶ 1, 9, 10.

14. Pursuant to the MTA, when Help Center received funds for such a transmission from a customer, it agreed to notify Maxitransfers, who would make equivalent funds available for the customer at the designated destination. *See id.* ¶¶ 1, 5, 10.

15. Help Center, meanwhile, agreed to hold the funds the customer provided in trust for Maxitransfers and deliver the transferred amount to Maxitransfers by the following Monday, Wednesday, or Friday, whichever came first. *See id.* ¶ 10, Ex. B.

16. Pursuant to the MTA, Help Center further pledged its personal property and any proceeds therefrom to Maxitransfers as security for the funds Help Center held in trust. *See id.* ¶ 23. On June 16, 2025, Maxitransfers filed a UCC-1 evidencing the aforementioned security interest with the Secretary of State of Connecticut. A true and correct copy of the UCC-1 Financing Statement is attached as **EXHIBIT 2**.

17. Help Center began processing transactions for customers under the MTA shortly after the parties executed it.

18. To process a transaction, Help Center accepted customer funds plus a small service fee from a customer visiting its store.

19. Help Center then notified Maxitransfers of the customer's request to transmit the funds to the intended recipient.

20. Maxitransfers delivered the funds to the recipient as instructed.

21. Maxitransfers complied with its obligations under the MTA by transmitting all funds to the intended recipients or returning the funds if the transaction did not clear.

22. However, Help Center failed to then remit to Maxitransfers all funds Help Center received from customers and held in trust.

23. Instead, upon information and belief, Help Center requested Maxitransfers make multiple transmissions and notified Maxitransfers it would transmit the funds held in trust from ACH payments, yet there were no funds available to transfer to Maxitransfers from those ACH repayment transactions, resulting in Help Center purposefully failing to remit funds to Maxitransfres as agreed in the MTA.

24. In the alternative, upon information and belief, Help Center withheld some funds from Maxitransfers for transactions Maxitransfers processed upon Help Center's and its customers' requests.

25. In the alternative, upon information and belief, Help Center failed its obligation to ensure the funds it held for Maxitransfers were deposited in Maxitransfers' designated bank accounts.

26. However, to date Help Center owes, but has not yet repaid, funds to Maxitransfers for transactions Maxitransfers processed upon Help Center's and its customers' instruction.

27. As personal guarantor, Ms. Acypreste de Souza personally guaranteed Help Center's payment and performance under the MTA and agreed to indemnify and hold harmless Maxitransfers against any loss, damage, claims, or expenses resulting from Help Center's failure to perform thereunder. This guaranty makes her equally liable for Help Center's obligations and repayment to Maxitransfers. *See* **Ex. 1** ¶ 34.

28. Help Center's and Ms. Acypreste de Souza's failure to deliver these funds was neither authorized by Maxitransfers, justified under the MTA, nor excused.

29. Maxitransfers fully performed its obligations under the MTA.

30. All prerequisites to relief have been satisfied or excused.

**II. Breach of Settlement Agreement.**

31. Defendants previously fell behind on transferring all sums to Maxitransfers under the MTA and owed Maxitransfers $81,424.00 by July 2025.

32. To resolve the amounts owed to Maxitransfers, Help Center and Ms. Acypreste de Souza, as personal guarantor, entered into a confidential settlement agreement and release, signed by defendants on July 29, 2025 and countersigned by Maxitransfers on August 6, 2025. A true and correct copy of the agreement (the **Settlement Agreement**) is attached as **EXHIBIT 3**.

33. The Settlement Agreement established a payment plan allowing defendants to repay the sums owed to Maxitransfers for transmissions not yet repaid under the MTA. *See id.*

34. Defendants agreed to repay Maxitransfers the full $81,424.00 by making weekly payments of $2,500.00 to Maxitransfers beginning on July 25, 2025 and on every subsequent Friday until all sums (stemming from amounts previously owed under the MTA) were fully repaid. *See id.* ¶ 2(a).

35. Defendants further agreed they would be in breach of the Settlement Agreement if they failed to tender any weekly payment when due. *See id.* ¶ 2(b).

36. Defendants also agreed and entered into a Stipulation to Entry of Judgment as a part of the Settlement Agreement, which Maxitransfers agreed to hold in trust pending receipt of the weekly payments. *See id.* ¶¶ 2(c), (d).

37. In the event of a breach, the parties agreed Maxi could "file an seek enforcement of the Stipulation to Judgment." *See id.* ¶ 2(d).

38. Defendants made the first payment due under the Settlement Agreement by July 25, 2025.

39. Defendants failed to make the second full payment due August 1, 2025 in the amount of $2,500.00, in breach of the Settlement Agreement.

40. Defendants earned a credit for money transmission commissions in the amount of $30.00 on or about August 3, 2025, which reduced the amount owed.

41. Despite Maxitransfers' efforts to resolve the amounts owed with defendants, they made only one incomplete payment in the amount of $1,000.00 on or about August 21, 2025.

42. As of the date of this complaint, defendants have failed to make 18 full weekly payments of $2,500.00 under the settlement agreement due: **(1)** August 1, 2025; **(2)** August 8, 2025; **(3)** August 15, 2025; **(4)** August 22, 2025; **(5)** August 29, 2025; **(6)** September 5, 2025; **(7)** September 12, 2025; **(8)** September 19, 2025; **(9)** September 26, 2025; **(10)** October 3, 2025; **(11)** October 10, 2025; **(12)** October 17, 2025; **(13)** October 24, 2025; **(14)** October 31, 2025; **(15)** November 7, 2025; **(16)** November 14, 2025; **(17)** November 21, 2025; **(18)** November 28, 2025.

43. To date defendants owe $77,894.00 under the Settlement Agreement.

44. Because defendants failed to remit the funds owed, Maxitransfers suspended Help Center from processing any additional transmissions under the MTA.

45. Maxitransfers made good faith efforts on multiple occasions to resolve defendants' Settlement Agreement breaches or to renegotiate the terms to assist defendants with repayment to no avail. Defendants still failed to deliver all funds owed to Maxitransfers.

46. Defendants' failure to deliver the funds due under the Settlement Agreement and the MTA was neither authorized by Maxitransfers, justified under these contracts, nor excused.

47. Maxitransfers performed its obligations under the Settlement Agreement and MTA.

48. All prerequisites to relief have been satisfied or excused.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

71. Maxitransfers re-alleges, re-urges, and incorporates by reference its allegations in paragraphs 1 through 48 as though fully set forth herein.

49. Maxitransfers and defendants Help Center and Ms. Acypreste de Souza entered into a valid and enforceable written contract entitled Confidential Settlement Agreement and Release, as specified above. *See* **Ex. 3**.

50. Defendants materially breached the Settlement Agreement contract by, *inter alia*, withholding or failing to deliver funds lawfully due to Maxitransfers under the MTA and on the weekly schedule as agreed by the parties in the Settlement Agreement.

51. Defendants' breaches were without lawful justification.

52. Maxitransfers has performed all contractual obligations under the Settlement Agreement or was excused from performing its obligations because of defendants' material breach of the Settlement Agreement contract.

53. As a direct and proximate result of all defendants' breaches of the Settlement Agreement contract, Maxitransfers has been damaged.

54. Maxitransfers is entitled to $77,894.00 in actual damages and any further consequential damages as a result of defendants' breaches.

55. Maxitransfers is further entitled to attorneys' fees and costs under the Settlement Agreement.

## SECOND CLAIM FOR RELIEF
## ENFORCEMENT OF STIPULATION TO JUDGMENT

56. Maxitransfers re-alleges, re-urges, and incorporates by reference its allegations in paragraphs 1 through 48 as though fully set forth herein.

57. As a part of the Settlement Agreement, the parties agreed defendants would execute the Stipulation to Judgment, which Maxitransfers agreed to hold in trust and enforce upon defendants' "breach of any provision" of the Settlement Agreement. *See* **Ex. 3** ¶ 2(d).

58. Defendants executed the Stipulation to Judgment, incorporated as and attached to the Settlement Agreement as Exhibit A, on July 29, 2025. *See id.* at Ex. A.

59. The Settlement Agreement allows Maxitransfers to enforce the Stipulation to Judgment upon a breach for failure to make weekly payments, as defendants have done here. *See id.* ¶ 2(d).

60. As part of the Stipulation to Judgment, defendants admit their breach and default under the Settlement Agreement and MTA and they waive all defenses, counterclaims, or rights to interpose an Answer in this action. *See id.* at Ex. A ¶¶ 1, 9.

61. Maxitransfers now seeks enforcement of the Stipulation to Judgment by this Court and is entitled to judgment in Maxitransfers' favor in the current amount due and owing to Maxitransfers under the Settlement Agreement, which totals $77,894.00 as of the date of this complaint filing. *See id.* at Ex. A.

62. Maxitransfers is additionally entitled to a judgment including "all reasonable attorneys' fees, costs, and expenses Maxitransfers incurred to date in enforcing its claims" against defendants under the Settlement Agreement and MTA. *See id.* at Ex. A ¶ 6.

63. Maxitransfers is also entitled to a judgment including "all reasonable attorneys' fees, costs, and expenses Maxitransfers" incurs in "enforcing its rights under [the] Stipulation to Entry of Judgment" against defendants. *See id.* at Ex. A ¶ 8.

64. Maxitransfers is entitled to post-judgment interest at the applicable statutory rate as agreed in the Stipulation to Judgment. *See id.* at Ex. A ¶ 7.

**PRAYER FOR RELIEF**

**WHEREFORE**, Maxitransfers prays this Court render judgment in its favor and against defendants as follows, by:

A. Entering judgment against all defendants (as stipulated and agreed by defendants in the Stipulation to Judgment) and awarding Maxitransfers all requested damages including actual damages in the amount of $77,894.00, in addition to any and all further damages provided for by law—including compensatory, consequential, nominal, and general—caused by defendants' actions described herein;

B. Awarding Maxitransfers all attorneys' fees and costs incurred in pre-litigation enforcement of its right to repayment and incurred through this action (as stipulated and agreed by defendants in the Stipulation to Judgment);

C. Awarding Maxitransfers all pre- and post-judgment interest allowed by law and all post-judgment interest at the applicable statutory rate (as stipulated and agreed by defendants in the Stipulation to Judgment);

D. Any such other and further relief the Court deems just and equitable.

Respectfully submitted this 3rd day of December, 2025.

By: /s/ *Adam S. Mocciolo*
Adam S. Mocciolo, Esq.
Akerman LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
(212) 880-3800
Adam.mocciolo@akerman.com
*Attorneys for Plaintiff*